Martin J. MURPHY, Libelant,

v.

A/S SOBRAL, Respondent.

United States District Court
S. D. New York.

Sept. 13, 1960.

Nathan Greenberg, Boston, Mass., Harold Rosen, New York City, for libelant.

Haight, Gardner, Poor & Havens, New York, City, for respondent, C. J. Brenner, J. M. Estabrook, New York City, of counsel.

METZNER, District Judge.

Libelant is a longshoreman, resident in Maine, who was allegedly injured while working on respondent's vessel while it was docked in Portland, Maine. The accident occurred on February 21, 1954. On May 27, 1957, he instituted an action against this respondent and another, in the United States District Court for the District of Massachusetts, on the law side of the court, to recover damages for injuries suffered due to negligence and failure to provide a seaworthy vessel.

The applicable Massachusetts statute of limitations is two years, and the action was commenced three years and three months after the happening of the accident. In its decision (Murphy v. International Freighting Corp., D.C., 182 F. Supp. 636) granting summary judgment to the defendant (the respondent in this suit), the Massachusetts District Court pointed out that the admiralty doctrine of laches applied even though the action was brought "at law" on the civil side of the court, citing Oroz v. American President Lines, Ltd., 2 Cir., 1958, 259 F.2d 636. The District Court said at pages 639–640:

"The essential elements of the defense of laches are that plaintiff has

been guilty of inexcusable delay in bringing his action and that this delay has so prejudiced the defendant that he should not now be required to defend the action. In determining whether the action has been timely brought, the statutory period of limitations applicable in actions at law is resorted to by analogy. It is not, of course, to be applied mechanically, for the final decision must depend on all the equities of the case. But plaintiff's failure to bring his action within the analogous statutory period creates a presumption that he has delayed without excuse and defendant has thereby been prejudiced."

The court then held that plaintiff had failed to show any justification for his delay in bringing the action. This decision was handed down on April 4, 1960.

On February 17, 1960, this longshoreman filed a libel in this court, charging unseaworthiness of the vessel. The filing was four days short of 6 years after the injury was sustained. Respondent has noted an exception based on laches and an exceptive allegation of res judicata based on the judgment of the District Court of Massachusetts.

The use of local limitation statutes as an analogy and rule of thumb to determine laches is the same in this jurisdiction as in the District Court of Massachusetts. Oroz v. American President Lines, Ltd., supra, 259 F.2d at page 639. Under Section 13 of the New York Civil Practice Act a suit by a nonresident of New York on a cause of action arising without the state is barred if either the New York statute or the statute of the state where the cause of action has accrued has run. Smalley v. Hutcheon, 1946, 296 N.Y. 68, 70 N.E.2d 161. A claim based upon unseaworthiness is governed by the 6-year statute in New York. C.P.A. § 48, subd. 3; Le Gate v. The Panamolga, 2 Cir., 1955, 221 F.2d 689, 691. The Maine statute of limitations is also 6 years. Maine R.S.1954, Chapter 112, § 90, as amended by L.1959, Chapter 317, § 143.

We are thus presented with a case in which the claim was instituted practically on the day of the expiration of the statute of limitations. However, we do not reach the position taken by libelant on this motion, that he is not guilty of laches simply because he filed his libel within the 6-year statute of limitations.

■ Prior to 1957 the effect of a dismissal of a prior libel based on the defense of laches was governed by Warner v. Buffalo Drydock Co., 2 Cir., 1933, 67 F.2d 540. In that case the Court of Appeals held that it was settled law that a prior dismissal of a libel on the ground of laches was not res judicata in an action to assert plaintiff's rights in another forum. The court was of the opinion that such a decision was not upon the merits since it affects only the remedy and not the right. However, in 1957 the Court of Appeals for this circuit held that its decision in the Warner case has been superseded by Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S. C. Bertha Building Corp. v. National Theatres Corp., 2 Cir., 248 F.2d 833. The last sentence of Rule 41(b) reads as follows:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

The judgment of dismissal entered in the District Court of Massachusetts did not specify that it was an adjudication other than upon the merits. Therefore, the exception must be sustained and the libel dismissed.

■ Aside from this controlling proposition of law, I am of the opinion that libelant is precluded from maintaining this action for another reason. The question of laches is addressed to the sound discretion of the trial court. Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 534, 76 S.Ct. 946, 100 L. Ed. 1387. Libelant has failed to give any

excuse for his neglect and delay in instituting this action. He even fails to go as far as was done in the Oroz case, supra, where the plaintiff excused his delay because he was "unaware of any remedy that he may have against the shipowner."

On the other hand, the District Court in Massachusetts, when it dismissed the original action brought by this libelant, detailed facts indicating why this defendant would be prejudiced if the claim were allowed to be prosecuted. The court said that "On all the equities of the case it should be held that the action is barred by laches." What was true in May 1957 certainly could not have been any less true in February 1960.

The libel is dismissed. So ordered.