**WACHOVIA BANK AND TRUST CO., N. A. (as Trustee and Agent for various trust accounts), Mellon Bank, N. A. (as Trustee for a special investment trust account), First Wisconsin Trust Co. (as Trustee for various trust accounts), the Dreyfus Offshore Trust, N. V., and National Fire Insurance Company of Hartford, Plaintiffs,**

v.

**Cortes W. RANDELL, John G. Davies, James F. Joy, Bernard J. Kurek, Roger O. Walther, Peat, Marwick, Mitchell & Co., Anthony M. Natelli, Joseph Scansaroli, Donald A. Fergusson, Robert A. Fergusson, White & Case, and Marion J. Epley III, Defendants.**

**No. 77 Civ. 4716 (CBM).**

United States District Court, S. D. New York.

Feb. 5, 1979.

---

John M. Burns, III, New York City, Hill, Christopher & Phillips, P. C. by Richard M. Phillips, Juan A. del Real, Samuel D. Turner, Washington, D. C., for plaintiffs.

Burns, Jackson, Miller, Summit & Jacoby, New York City, for defendant Cortes Randell.

Frankenthaler, Kohn & Schneider, New York City, for defendant James F. Joy.

Bernard J. Kurek, pro se.

Winthrop, Stimson, Putnam & Roberts by Edwin J. Wesely, Eloise L. Morgan, Eugene G. McGuire, New York City, for defendants White & Case and Marion J. Epley.

Cahill, Gordon & Reindel by William E. Hegarty, Mathias E. Mone, Joseph W. Muccia, New York City, for defendants Peat, Marwick, Mitchell & Co., Joseph Scansaroli and Anthony M. Natelli.

Patterson, Belknap, Webb & Tyler by William J. Muller, New York City, for defendants Donald A. Fergusson and Robert A. Fergusson.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs have brought this action under the federal securities laws and under New York's law of fraud. The action arises out of the collapse of National Student Marketing Corp. (NSM) stock in February, 1970. Plaintiffs were institutional investors in that stock which they purchased on December 17, 1969. Several of the defendants have moved for summary judgment. Those defendants are the accountants to NSM: Peat, Marwick, Mitchell & Co. (Peat, Marwick), and two partners in that firm, Anthony Natelli and Joseph Scansaroli, and the lawyers for NSM, White & Case and a partner in that firm, Marion J. Epley. This action was commenced on September 26, 1977.

On March 2, 1970, a class action separate and distinct from this action was filed in the Southern District of New York against most of the defendants here on behalf of a class of investors in NSM stock alleging securities violations. Several other class actions were also filed in this court and were consolidated with the earlier action into one case, *Garber v. Randell*, 70 Civ. 835. Plaintiffs were by definition members of that class action. Before class action certification was decided, plaintiffs filed an action for securities violations in the United States District Court for the District of Columbia on January 29, 1973. *Wachovia Bank and Trust Co. v. National Student Marketing Corp.*, (Parker, J.). Class action certification was then granted in the New York action, *Garber*. Plaintiffs then opted out of the class by letter dated November 23, 1973.

In 1977 a motion to dismiss was filed in the District of Columbia action by the Peat, Marwick and White & Case defendants based on the statute of limitations. Immediately, the plaintiffs filed the instant action based on the identical claims made in the District of Columbia action. Plaintiffs styled the instant action a "protective" action to be prosecuted in the event the other action was dismissed.

By opinion not yet published, dated November 20, 1978, Judge Parker in the District of Columbia action dismissed the plaintiffs' claims against the accountants and the attorneys on the ground of the statute of limitations. Judge Parker also denied plaintiffs' motion for reconsideration on December 20, 1978.

Judge Parker applied the statute of limitations of the District of Columbia since under the federal securities laws the applicable statute of limitations is the law of the forum state. *Stull v. Bayard*, 561 F.2d 429, 431–32 (2d Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978). Under this statute he found that the plaintiffs' claims were barred as to the moving defendants.

The same defendants now move for summary judgment in the instant action on the

ground that under Rule 41(b) Judge Parker's dismissal was on the merits and bars relitigation of that claim here. This court agrees and dismisses the action as to those defendants dismissed in the District of Columbia action.

Rule 41(b) states in part:

"*Involuntary Dismissal: Effect thereof. . . .* Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue or for a failure to join a party under Rule 19, operates as an adjudication upon the merits."

Plaintiffs urge that this dismissal not be considered as an adjudication on the merits. They argue that it would be contrary to reason to allow Judge Parker's dismissal based on the District of Columbia's statute of limitations to bar a claim in New York to which a longer statute of limitation applies.

However, the Second Circuit in *Bertha Building Corp. v. National Theatres Corp.*, 248 F.2d 833, 840 (2d Cir. 1957), *cert. denied*, 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958), stated clearly:

"We are unmoved by the petitioner's contention that we were wrong in asserting that a dismissal based upon a defense of the statute of limitations is an adjudication on the merits. *Warner v. Buffalo Drydock Co.*, 67 F.2d 540 (2d Cir.), which is cited in support of that contention, we think is distinguishable. And moreover, it has been superseded by the clear mandate of Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which in its last sentence directly contradicts the holding of the *Warner* case. Although under the rule in a proper situation the District Judge may specify that his order be without prejudice, Judge Galston did not so qualify his order of dismissal."

This holding was followed by the district court in *Murray v. A/S Sobral*, 187 F.Supp. 163, 164 (S.D.N.Y.1960).

In 1973, the Second Circuit followed the *Bertha* holding. In *Sack v. Low*, 478 F.2d 360 (2d Cir. 1973), a Massachusetts District Court had dismissed federal securities law claims based on the Massachusetts statute of limitations. The plaintiffs brought the identical claims here in the Southern District of New York. The latter court dismissed the claims under Rule 41(b), relying on the holding in *Bertha, supra,* that a dismissal based on the statute of limitations of another jurisdiction was an adjudication on the merits. The plaintiffs appealed to the Second Circuit. However, they also moved in the Massachusetts court for an order modifying the order of dismissal to one without prejudice. The Massachusetts court granted that motion and modified its order.

On appeal, the Second Circuit discussed the rule in *Bertha, supra,* as follows:

"Prior to the *Bertha Building* decision, the law in this circuit, as set out by Judge A. N. Hand for our court's 'first team' in *Warner v. Buffalo Drydock Co.,* . . . was that dismissal of a complaint in another forum on the ground that the statute of limitations had run was not an adjudication on the merits and did not bar a subsequent action on the same claim here. . . . This is still the general rule." (at 363)

The Second Circuit then went on to quote the portion of the *Bertha* decision at 840 quoted above that held that Rule 41(b) superseded the general rule. The court then said:

"These remarks have been taken to establish the rule in this circuit that a dismissal on the ground of statute of limitations would bar a second action on the same claim in a different forum. See *Murphy v. A/S Sobral,* supra . . . . 1B Moore, supra, at 1035 & n.13.

We must own to some discomfort with these statements in *Bertha Building*; they seem to go either too far or not far enough. . . . The provision in F.R. Civ.P. 41(b) permitting a judge to specify that dismissal is without prejudice would seem to have been designed for cases in which the judge has discretion whether to dismiss e. g., for want of prosecution, where his decision might be affected by

determination whether dismissal should be with or without prejudice, not for cases which he must dismiss as a matter of law. Indeed, *it would be possible to read* the district judge's power to specify that dismissal be without prejudice under the 'unless' clause in the final sentence of Rule 41(b) as limited to 'a dismissal under this subdivision', *with the result that . . . a dismissal on limitations grounds . . . would necessarily be with prejudice.* Finally, we have some doubt whether the last sentence of Rule 41(b) was intended to authorize a judge to dictate to another forum that a dismissal should have a different effect there than in his own forum. *However, Bertha Building said he could do exactly that. So long as that decision stands*, we are thus obliged to hold that [the Massachusetts court's] later order [dismissing without prejudice] undercut the basis for [the New York district court's] grant of summary judgment for the defendants [based on a prior adjudication on the merits in Massachusetts]. (emphasis added). *Sack v. Low, supra*, at 364.

Thus, while it is clear that the Second Circuit is troubled by the *Bertha* holding as to Rule 41(b), it has so far declined to overrule it or modify it. Indeed the Second Circuit's inclination seems to be to follow *Bertha's* holding that Rule 41(b) mandates that a dismissal based on the statute of limitations of another forum is "necessarily with prejudice" and to reverse the part of *Bertha's* holding that allows a district court to specify when a dismissal on statute of limitations grounds is without prejudice. Plaintiffs in this action did not ask Judge Parker to modify his order of dismissal in their motion for reconsideration.

Therefore, since this court is bound by the Second Circuit's holdings in *Bertha* and *Sack, supra*, it dismisses the federal securities claims as to Peat, Marwick, Anthony Natelli, Joseph Scansaroli, White & Case and Marion Epley.

Since the federal claims have been dismissed and no other basis for federal jurisdiction, such as diversity jurisdiction,

exists, the court declines to exercise pendent jurisdiction over the state law claims. The state claims are therefore dismissed as to the defendants named above.

Submit order on five days' notice.