**PRC HARRIS, INC., Plaintiff,**

v.

**The BOEING COMPANY, Defendant.**

**No. 82 Civ. 3284 (KTD).**

United States District Court,
S. D. New York.

Aug. 12, 1982.

---

5. 28 U.S.C. § 2201 reads:

Gadsby & Hannah, New York City, for plaintiff; Harry H. Wise, III, New York City, of counsel.

Dechert, Price & Rhoads, New York City, for defendant; Melvin A. Schwarz, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

This case presents an interesting application of the doctrine of *res judicata*. Plaintiff PRC Harris, Inc. ("Harris"), a New York corporation, alleges that the defendant Boeing Company, a Washington corporation, failed to pay $14,983.00 for engineering services rendered in the State of West Virginia between April, 1975 and May,

1976. The instant case was originally commenced in New York State Supreme Court, New York County, on or about May 5, 1982. Boeing subsequently removed the lawsuit to this court on diversity jurisdiction grounds.

Back in 1980, Harris had filed a complaint against Boeing in the United States District Court for the District of Columbia seeking *inter alia* the same relief sought in the instant lawsuit. A motion for change of venue to the Western District of Washington was subsequently granted. The federal court in Seattle, applying the three year statute of limitation of the District of Columbia, granted a motion by defendant to dismiss the case on September 21, 1981. In so doing, the court did not specify whether this dismissal was with or without prejudice.

Boeing now moves to dismiss the instant action on grounds that the earlier dismissal of an identical complaint involving identical parties was with prejudice, and therefore the doctrine of *res judicata* bars this lawsuit. Boeing asserts that pursuant to Fed. R.Civ.P. 41(b) the prior dismissal is assumed to be with prejudice and "on the merits" because the district judge did not state otherwise. Boeing also moves for an award of attorneys' fees and costs.

Plaintiff argues, however, that under Rule 41(b) the prior dismissal was not on the merits. That rule provides in pertinent part:

*Involuntary Dismissal: Effect Thereof*

\* \* \* \* \* \*

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Harris contends that a dismissal under the statute of limitations is a dismissal for "lack of jurisdiction" and therefore not an adjudication on the merits which would bar subsequent suits.

I disagree. Although there does appear to be some confusion regarding the *res judicata* effect of a dismissal on statute of limitations grounds, *compare* 5 Moore's Federal Practice ¶ 41.14[1] at 41–207 (2d ed. 1982) *with* 1B Moore's Federal Practice ¶ 0.409[6] at 1035–36 (2d ed. 1982), the current law in this and other circuits appears to be that such a dismissal is on the merits. In *Sack v. Low*, 478 F.2d 360 (2d Cir. 1973), the Second Circuit held that a dismissal based on the state statute of limitations was an adjudication on the merits unless, as was the case in *Sack*, the judge in the prior case stated the dismissal was without prejudice. Writing for the court, Judge Friendly expressed "some discomfort" with affording a judge the discretion under Rule 41(b) "to dictate to another forum that a dismissal should have a different effect there than in his own court," 478 F.2d at 365, but nevertheless permitted this result as dictated by prior case law. Thus, *Sack* and other decisions by this court, *see, e.g., Wachovia Bank & Trust Co., N. A. v. Randell,* 485 F.Supp. 39 (S.D.N.Y.1979); *Murphy v. A/S Sobral,* 187 F.Supp. 163 (S.D.N.Y.1960), reaffirm this Circuit's position that a dismissal on statute of limitations grounds is on the merits and, if anything, call into question the primary judge's discretionary power to say otherwise. *Accord, Cemer v. Marathon Oil Co.,* 583 F.2d 830 (6th Cir. 1978).

Policy considerations also require dismissal of the plaintiff's complaint. If the instant case was not barred Harris would be free to roam to other states with different statutes of limitation where Boeing, a large corporation, could be found present. This result would subvert the judicial system's interest in having disputes finally resolved.

For the foregoing reasons, the defendant's motion is granted. The complaint is dismissed. The motion for costs and fees is granted.

SO ORDERED.