PRC HARRIS, INC., Plaintiff-Appellant,

v.

The BOEING COMPANY, Defendant-Appellee.

No. 595, Docket 82–7658.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1983.

Decided Feb. 18, 1983.

Harry H. Wise, III, New York City (Gadsby & Hannah, New York City, of counsel), for plaintiff-appellant.

Melvin A. Schwarz, New York City (Dechert, Price & Rhoads, New York City, of counsel), for defendant-appellee.

Before KAUFMAN, TIMBERS and NEWMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

This appeal from a judgment entered on Judge Duffy's order, 545 F.Supp. 438, raises an unusual issue concerning the application of *res judicata.* That doctrine is rooted, of course, in considerations of finality and repose, and bars relitigation of issues which were or could have been adjudicated in an initial proceeding.

I

The facts underlying this dispute may be recounted briefly. PRC Harris, Inc. ("Harris"), an engineering firm, filed an action against The Boeing Company in the District of Columbia district court in April 1980, alleging failure to pay for services rendered. In October 1980 the case was transferred to the Western District of Washington on Boeing's motion. Chief Judge McGovern granted Boeing's motion for dis-

missal on September 21, 1981, holding the action time-barred pursuant to the applicable three year District of Columbia statute of limitations. Harris did not appeal this determination.

In May 1982 Harris filed a complaint in New York State Supreme Court, which it concedes is virtually identical to that filed in the initial action. Boeing responded by filing a petition pursuant to 28 U.S.C. § 1441, seeking to have the cause removed to the Southern District of New York. After removal Boeing petitioned for summary judgment, asserting that the dismissal in Washington operated as an adjudication on the merits, and that consideration of the subsequent suit was therefore prohibited by *res judicata*. Judge Duffy granted Boeing's motion, dismissed the action, and awarded Boeing attorney's fees in the amount of $2,135. Harris filed a timely notice of appeal to this court.

After its action had been dismissed by Judge Duffy and the notice of appeal was filed, Harris returned to the Western District of Washington and petitioned Chief Judge McGovern to amend the judgment entered on his order. The district judge granted the motion, and pursuant to Fed.R. Civ.P. 60(b)(6) amended the judgment to specify that the dismissal was without prejudice.

Harris raises a number of claims on this appeal. It contends, first, that Judge Duffy improperly held the initial Washington judgment to be an adjudication on the merits to which *res judicata* attached. Alternatively, Harris asserts that the subsequent modification of the Washington judgment undercuts the basis for Judge Duffy's holding. Finally, appellant challenges the award of fees to Boeing's counsel.

## II

Fed.R.Civ.P. 41(b) governs the effect given involuntary dismissals. In relevant part, the Rule states, "Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." In such a situation, *res judicata* would preclude a subsequent action on the same claim. *See Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 449 (2d Cir. 1978) (per curiam); *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1275 (2d Cir.1974).

In the instant dispute the initial dismissal of Harris's complaint did not entail a consideration of the substantive issues raised, because Chief Judge McGovern's action was based upon his conclusion that the contract claims were barred by the statute of limitations. The longstanding rule in this Circuit, however, is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice.[1] *See Bertha Building Corp. v. National Theatres Corp.*, 248 F.2d 833, 840 (2d Cir.1957); *Sack v. Low*, 478 F.2d 360 (2d Cir.1973). *See also Murphy v. A/S Sobral*, 187 F.Supp. 163 (S.D.N.Y.1960) (concerning a dismissal for laches); *Wachovia Bank & Trust Co. N.A. v. Randell*, 485 F.Supp. 39 (S.D.N.Y.1979). Moreover, Rule 41(b) dictates that all but certain enumerated dismissals will be considered "on the merits," and the Rule does not exempt a dismissal on statute of limitations grounds from its general operation.[2] Appellant has

---

**1.** Harris asserts that application of Rule 41(b) to dismissals on statute of limitations grounds in a diversity case would raise potential constitutional problems under the "*Erie* doctrine," *see Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), because it would have the effect of abrogating state substantive law. This court explicitly considered and rejected such a claim in *Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962), noting that while state law controlled the rights and obliga-

tions of the parties, determining the *res judicata* effect that will be given the judgment of a federal court is distinctively a matter of federal law. *See also* Degnan, Federalized Res Judicata, 85 Yale L.J. 741 (1976). Accordingly, we reject Harris's claim.

**2.** *Costello v. United States*, 365 U.S. 265, 284–88, 81 S.Ct. 534, 544–46, 5 L.Ed.2d 551 (1961), upon which Harris relies is similarly inapposite. In *Costello* the court merely held that a dis-

advanced no persuasive grounds for departing from the clear terms of 41(b), and accordingly, we reject its assertion that the September 21, 1981 judgment allowed relitigation of the issues raised in that proceeding.

The unusual aspect of this case arises as a consequence of Chief Judge McGovern's amendment of his judgment after Judge Duffy had already granted Boeing's motion for summary judgment and dismissed Harris's claims. It is clear that if, at the time of entry, the Washington judgment had been denominated "without prejudice," Rule 41(b) would have been inapplicable, and Harris could legitimately have reasserted its allegations in another jurisdiction. *See Elfenbein v. Gulf & Western Industries, Inc., supra.* The issue before us is not presented in such pristine form, however. The original Washington decision did not purport to dismiss the claims without prejudice, and Harris successfully amended that judgment only after the completion of the action in the Southern District of New York.

■ Harris moved to amend the Washington judgment pursuant to Federal Rule 60, which provides that a party may petition for "relief from [a] judgment or order" on a series of enumerated grounds, or "for any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). This provision does not impose a particular time limit, but only requires that the motion be made within "a reasonable time." In considering whether a Rule 60(b)(6) motion is timely, we must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay. *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne De Navigation,* 605 F.2d 648 (2d Cir.1979); *Ashford v. Steuart,* 657 F.2d 1053 (9th Cir. 1981) (per curiam).

missal caused by petitioner's failure to file a required affidavit of good cause was, in effect, a dismissal for lack of jurisdiction, one of the specific exceptions to Rule 41(b). The decision did not consider a dismissal on statute of limi-

■ Harris has presented no persuasive reasons to justify the delay of almost one year in moving for amendment of the Washington judgment. The clear terms of Rule 41(b) should have made it apparent that some clarification of Chief Judge McGovern's order would have been necessary if Harris intended to raise its contract claims in some other forum. Harris, however, filed a second complaint, saw the case removed to a federal court, opposed a motion for summary judgment, and even proceeded to appeal by filing a notice before it ultimately decided to return to Washington and seek clarification of the September 21 judgment. Moreover, after obtaining an amendment of the judgment, Harris did not return to the Southern District of New York to attempt to present this new evidence to the district judge, but chose to raise the issue for the first time before this court. It is difficult, therefore, to view Harris as having complied with the reasonable time requirement of Rule 60(b)(6).

In previous situations in which we have had the opportunity to elaborate on the requirements of 60(b)(6), we have noted that because of the potentially broad scope of that provision, relief should only be granted where the moving party has demonstrated "extraordinary circumstances" or "extreme hardship." *See, e.g., United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977); *see also Klapprott v. United States,* 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949); *Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). Harris has not presented us with any special circumstances which would justify the extraordinary relief provided for by Rule 60. It appears that Harris's delay in moving for amendment resulted from its failure to understand the effect of Rule 41(b). This is an insufficient basis for relief from a judgment pursuant to Rule 60. *See United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.), *cert. denied,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971).

tations grounds, and indeed, our decision in *Sack v. Low,* 478 F.2d 360 (2d Cir.1973), holding that such an action was covered by 41(b) was rendered after the *Costello* opinion.

■ We are also doubtful of the propriety of Harris's motion for amendment of the judgment pursuant to Rule 60. Rule 60(b)(6) is a broadly drafted "umbrella provision," which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply. *See Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne De Navigation, supra,* 605 F.2d at 656 n. 8; *United States v. Cirami, supra,* 563 F.2d at 32; *Corex Corp. v. United States,* 638 F.2d 119, 121 (9th Cir.1981). It is also reasonable to view 60(b)(6) together with Rule 59, which specifically addresses the issue of amending a judgment. *United States v. Hall,* 463 F.Supp. 787, 791 n. 1 (W.D.Mo.) (on motion for review of judgment), *aff'd,* 588 F.2d 1214 (8th Cir.1978). Rule 59(e), which imposes a strict ten-day time limit, would more appropriately have been employed in the present case to amend the Washington judgment. *Sack v. Low, supra,* 478 F.2d at 362–63 n. 1.[3] Of course, a motion pursuant to Rule 59 would not have been timely because Harris did not seek clarification of Chief Judge McGovern's judgment within ten days. Harris, however, should not be able to circumvent the time requirement of Rule 59 by relying on Rule 60 which, in any event, would not save the action. *See Hahn v. Becker,* 551 F.2d 741, 745 (7th Cir.1977).

Accordingly, it is our view that Chief Judge McGovern improperly granted Harris's motion to amend the Washington judgment. If the motion was properly made pursuant to Rule 60, Harris has failed to demonstrate extraordinary circumstances which would have justified the relief sought, particularly in light of its unreasonably long delay in submitting the motion. Alternatively, if the motion should have been made under Rule 59(e), Harris's failure to comply with the time requirements of that provision would have precluded the court from entertaining the motion. It is not, of course, within our power to reverse a judgment of the Western District of Washington, but we need not recognize and defer to such a judgment where the judicial proceedings in this Circuit have already been terminated, after much maneuvering in the district court. *See Sack v. Low, supra,* 478 F.2d at 362–63 n. 1.

We therefore hold that Judge Duffy properly granted Boeing's motion and dismissed Harris's complaint, and we decline to give retroactive effect to the subsequent amendment of the Washington judgment and thereby undercut the legal basis for Judge Duffy's decision.

### III

The final issue raised is disposed of in briefer fashion. The district court awarded Boeing $2,135 in attorney's fees. No reason was provided to justify this award, and we can only assume that the district judge considered Harris's complaint to be frivolous.

■ Ordinarily attorney's fees should not be granted to a prevailing party in the absence of statutory authorization. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). A narrow exception to this general rule exists when the claims asserted are "entirely without color and [have] been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977); *see also Nemeroff v. Abelson,* 620 F.2d 339, 349 (2d Cir.1980) (per curiam). Although it may legitimately be argued that Harris's claims were entirely meritless, we see no indication in the record that they were raised in bad faith or for other improper reasons. Accordingly, we see no basis for the award of fees to Boeing's counsel.

---

**3.** In *Sack v. Low, supra,* 478 F.2d at 362–63 n. 1, we allowed a judgment to be amended to specify that it was without prejudice pursuant to Rule 60. We carefully noted, however, that ordinarily such a motion would have to be made under Rule 59, and only the "unusual circumstances" of that case allowed for a departure from this requirement. *Id.* We see no such evidence of unique or special circumstances in the present action.

That portion of the judgment entered on Judge Duffy's order granting Boeing's motion for summary judgment and dismissing Harris's claims as barred by *res judicata* is affirmed. The judgment is reversed insofar as it authorized an award of attorney's fees to Boeing, and the case is remanded for the entry of an amended judgment.

NEWMAN, Circuit Judge, concurring:

In *Sack v. Low,* 478 F.2d 360 (2d Cir. 1973), a District Court in the Southern District of New York had dismissed a claim because of *res judicata,* relying on a judgment of the District Court for the District of Massachusetts. The Massachusetts court had found the claim barred by the local statute of limitations. While an appeal from the Southern District's judgment was pending, the plaintiffs secured from the District of Massachusetts an order amending the Massachusetts judgment to specify that the dismissal in Massachusetts was without prejudice. In the "unusual circumstances" of that case,[1] *id.* at 362 n. 1, we ruled that the amendment of the Massachusetts judgment was effective to permit the plaintiffs to proceed in the Southern District, where the applicable limitations period had not expired. Once *Sack v. Low* was decided, any plaintiff suing in this Circuit, whose case had been dismissed elsewhere on statute of limitations grounds, was on notice of the need to secure a "without prejudice" notation on the prior judgment.

In this case, the plaintiff litigated in the Southern District of New York the preclusive effect of a judgment entered in the Western District of Washington, without bothering to obtain a "without prejudice" notation on the Washington judgment. Only after litigating unsuccessfully in the Southern District did plaintiff move in the Western District of Washington for an amended judgment. I agree that this maneuver must fail, but I would rely simply on the fact that a judgment of dismissal was properly entered in the Southern District of New York before the plaintiff returned to the Western District of Washington.[2] I would not assess whether the delay in making a Rule 60(b) motion in Washington made it inappropriate for the District Court there to grant the motion, nor whether Rule 60(b) provided any basis for relief, since we have no oversight authority concerning that court.[3] Focusing on whether the judgment of a district court within our Circuit was entered before or after another district's "without prejudice" notation results in a rule of clarity and easy administration. It also confines our consideration solely to the appropriateness of the actions taken by district courts within our Circuit.

For these reasons, I concur in the result.

1. In *Sack v. Low, supra,* we were willing to indulge the plaintiffs with the assumption that, despite *Bertha Building Corp. v. National Theatres Corp.,* 248 F.2d 833, 844 (2d Cir.1957), *cert. denied,* 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811 (1958), they could not have been expected to anticipate, prior to judgment in the Southern District, that the dismissal with prejudice in the District of Massachusetts, on statute of limitations grounds, would be held to bar their suit in the Southern District of New York. 478 F.2d at 362 n. 1. After *Sack v. Low,* there can be no uncertainty on that score.

2. The circumstances of this case are to be contrasted with a case in which a judgment of court *B* is based on a judgment of court *A* and the judgment of court *A* is reversed on appeal, while the judgment of court *B* is pending on appeal. In that circumstance the appellate court would normally set aside the judgment of court *B. See* Restatement (Second) of Judg-

ments § 16 comment c (1980). The determination that court *A*'s judgment is erroneous is properly noticed on appeal from court *B*'s judgment. In the instant case, however, the judgment of the Washington Court has not been held to be erroneous; the plaintiff has simply availed itself of an option to secure a "without prejudice" notation. A plaintiff who elects to forgo use of that option until after an adverse judgment has been rendered against him in another jurisdiction should not expect a court of appeals to reward his tardiness. After being late to sue in the first jurisdiction, he ought to move expeditiously to maintain his opportunity to sue elsewhere.

3. There is no issue in this case requiring scrutiny of a judgment of another jurisdiction to determine if the court rendering the judgment had jurisdiction.