07-4988-cv
Michaelesco v. Richard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH M. McLAUGHLIN,
> REENA RAGGI,
> > *Circuit Judges*.

-----------------------------------------------------------------------

ORTANSA MICHAELESCO,

　　　　　　　　　　　　　*Plaintiff-Appellant*,

　　　　　v.                                                           No. 07-4988-cv

THE ESTATE OF BERNICE P. RICHARD, ROBERT CARR AND JOELLE SHEFTS, EXECUTORS; LUTZ & CARR, CPA, LLP; JPMORGAN CHASE & CO.; GOOD MORNING AMERICA; SOTHEBY'S INTERNATIONAL REALTY, INC.; VANITY FAIR, INC.; GEORGE WACHTEL; NINETTE S. BORDOFF, *GUARDIAN AD LITEM*,

　　　　　　　　　　　　　*Defendants-Appellees*.[1]

-----------------------------------------------

[1] The Clerk of the Court is directed to amend the official caption to read as shown above.

------------------------------------------------------------------------

SUBMITTING FOR APPELLANT:    ORTANSA MICHAELESCO, *pro se*, Fairfield, Connecticut.

APPEARING FOR APPELLEES:    AIMEE J. WOOD, Pullman & Comley, LLC, Bridgeport, Connecticut, *for Robert Carr and Joelle Shefts*.

Daniel M. Young, Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, Connecticut, *for JP Morgan Chase & Co.*

Ami Shah, Peter J. Larkin, Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, New York, *for Lutz & Carr, CPAs.*

Patrick J. McHugh, Meghan A. Laganza, Finn Dixon & Herling LLP, Stamford, Connecticut, *for Sotheby's International Realty, Inc.*

Zachary G. Newman, Hahn & Hessen LLP, New York, New York, Elizabeth M. Cristofaro, Litchfield Cavo LLP, Avon, Connecticut, *for Ninette S. Bordoff, Guardian ad Litem*.

Kurt W. Hansson, James Worthington, Paul Hastings Jankovsky & Walker, Stamford, Connecticut, *for American Broadcasting Companies, Inc.*

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 4, 2007, is AFFIRMED.

Ortansa Michaelesco, pro se, appeals the denial of her motion for remand and the dismissal of her complaint as barred by res judicata. We review de novo the district court's

decisions on a motion for remand, see Isaacson v. Dow Chem. Co., 517 F.3d 129, 135 (2d Cir. 2008), and on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). In applying these standards, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Remand

A party opposing removal must file a motion to remand "within thirty days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Although defendants filed their notice of removal on May 7, 2007, Michaelesco failed to move for remand until September 28, 2007. Thus, her motion was untimely and properly denied. Even if we were to construe Michaelesco's June 4, 2007 letter, copied to the district court, as a timely motion for remand, we conclude, like the district court, that no remand was warranted based on defendants' failure to file appearances in state court and their purported lack of unanimity. Defendants properly filed their notice of removal in federal court, see 28 U.S.C. § 1446(a), and we identify no error in the district court's acceptance of defendants' form of consent to the removal, see Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005).

2.     Res Judicata

Res judicata bars an action when a prior action involving the same parties or those in privity with them was adjudicated on the merits and the claims asserted in the subsequent action were, or could have been, raised in the prior action. Pike v. Freeman, 266 F.3d 78, 91

3

(2d Cir. 2001). This test is satisfied here. In 2004, asserting claims arising from the same facts described in her instant complaint, Michaelesco sued the same defendants against whom she now proceeds. On January 6, 2006, the district court dismissed her complaint on the ground that her claims were time-barred.[2] Contrary to Michaelesco's contention, this was an adjudication on the merits. See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983) (observing that "[t]he longstanding rule in this Circuit . . . is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits" for purposes of res judicata). Nor is there any merit to Michaelesco's assertion that the defense of res judicata is not properly raised on a motion to dismiss. See Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992).

We have considered all of Michaelesco's remaining arguments and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.[3]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____

---

[2] In 2005, Michaelesco filed a second action against the same defendants and based on the same factual allegations. The district court dismissed her complaint in that action sua sponte in an order dated February 28, 2006.

[3] Michaelesco's motion to set aside the district court's September 2009 order allowing attorney Christopher Sochacki to withdraw as counsel to defendant-appellant Ninette S. Bordoff is dismissed as moot.

4