08-1389-pr
Pabon v. Wright

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT:
>        WILFRED FEINBERG,
>        ROBERT A. KATZMANN,
>        PETER W. HALL,
>            *Circuit Judges*.

_____

William Pabon,

>        *Plaintiff-Appellant*,

>        v.                                    08-1389-pr

Dr. Michael Maciol, Former Medical Dir. at Green Haven Corr. Facility, Dr. Lester Wright, Chief Medical Officer of the DOCS, Catherine Metzer, Registered nurse at Green Haven Corr. Facility, Dr. Vincent Marrone, A Physician hired by the DOCS to treat Plaintiffs, Dr. Charles Rush, a Physician hired by the DOCS to treat Plaintiffs, Dr. R. Rosenberg, Dr. Harry Mamis, A Physician at Green Haven Corr. Facility, Dr. Andrew Miller, Dr. Bharat Dasani, Dr. Ravi Hotchandani, Dr. Charles Bendheim, Don Stevens, of Greenhaven Correctional Facility, Nurse Jackie Bodzak, of Greenhaven Correctional Facility, Dr. Chakravorty, Dr. Carl J. Koenigsmann, Medical Director,

>        *Defendants-Appellees*,

Glenn Goord, Commissioner of the Department of Correctional

Services of the State of New York, Norman Selwin, Acting or Medical Director of Green Haven Corr. Facility, Lawrence Zwillinger, Regional Health Services Administrator, Dr. John Charles Bendheim, Physician at Green Haven Corr. Facility, Christopher Artuz, Superintendent of Green Haven Corr. Facility, Jane or John Doe Assistant of Doctor Vincent Mar, Dr. Phillip Marrone, A Physician hired by the DOCS to treat Plaintiffs, J. Doe one to Five, C.P.S., Inc.,

*Defendants*.
_____

FOR APPELLANT:        William Pabon; pro se; Stormville, N.Y.

FOR APPELLEES:        David Lawrence III; Assistant Solicitor General, for Andrew M. Cuomo; New York, New York.  Arjay G. Yao; Martin Clearwater & Bell LLP; New York, N.Y.


Appeal from an order of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **AFFIRMED**.

William Pabon, *pro se*, appeals from the district court's order striking his Federal Rules of Civil Procedure 60(b)(6) motion, seeking relief from the district court's judgment entered in March 2004,  because the Rule 60(b) motion was not made within a reasonable time.  We assume the parties' familiarity with the facts and procedural history.

As an initial matter, the district court's order striking Appellant's Rule 60(b) motion was not inconsistent with this Court's instructions in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008).  The district court essentially complied

2

with this Court's instructions by filing the stricken document on the docket sheet and explicitly stating in its order that the motion was stricken because it was not filed within a reasonable time, as required by Rule 60(c)(1).  We construe the order as a denial of the Rule 60(b) motion, however, because it was based upon the same reasoning typically used to deny, rather than strike, such motions.  *See, e.g., Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001).

Upon review of the record and case law, we conclude that the district court did not abuse its discretion in denying Appellant's Rule 60(b) motion.  *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991) (this Court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion).  Pabon has not provided any reason why he did not file his Rule 60(b) motion until almost nine months after this Court denied his petition for rehearing of the order affirming the district court's judgment, and almost four years after the district court entered its judgment, where the argument he raised in his motion is the same argument he raised in his petition for rehearing. *See* Fed. R. Civ. P. 60(c)(1); *PRC Harris v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (in order to determine whether a Rule 60(b)(6) motion was filed within a reasonable time, the court should "scrutinize the particular circumstances of the case, and balance the interest of finality with the reasons for delay"). Furthermore, Pabon has not demonstrated that "extraordinary

3

circumstances or extreme hardship" warrant relief from the district court's judgment based upon the same argument this Court previously rejected in denying his petition for rehearing. *See Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d. Cir. 1979).

For the reasons stated above, the district court's order is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk