10-2486-pr
Flemming v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand eleven.

PRESENT:   REENA RAGGI,
                      GERARD E. LYNCH,
                      J. CLIFFORD WALLACE,[*]
                              *Circuit Judges*.

-----------------------------------------------------------

WOODROW FLEMMING,

                    *Plaintiff-Appellant*,

                v.                                                                 10-2486-pr

STATE OF NEW YORK, LEO PAYANT,
SUPERINTENDENT, GLENN GOORD,
COMMISSIONER, DR. BURDICK,
SGT. FLETCHER, LT. ADMIKIS,
HEARING OFFICER,

                    *Defendants-Appellees*,

DONALD SELSKY, DR. LESTER WRIGHT,
M.D., DANNIE MALLONI, OFFICER,
ANTHONY N. DURANTE, LISA O'BRYANT,
BUTIS, HEAD NURSE, GARDNER, SZAJER,

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

SGT. CARPENTER, PATRICIA DUTCH,
NURSE AID,

                *Defendants*.

------------------------------------------------------------

FOR APPELLANT:        Woodrow Flemming, *pro se*, Malone, New York.

FOR APPELLEES:        Eric T. Schneiderman, Attorney General, Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Frank Brady, Assistant Solicitor General, Albany, New York.

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order issued on May 24, 2010, is AFFIRMED.

Pro se plaintiff Woodrow Flemming appeals from the district court's post-judgment order denying his motion under Rules 59 and 60(b) of the Federal Rules of Civil Procedure for relief from a December 5, 2006 judgment. We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the denial of a motion for relief from a final judgment under Rules 59 and 60(b) for abuse of discretion. See Baker v. Dorfman, 239 F.3d 415, 422 (2d Cir. 2000); Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 131-32 (2d Cir. 1999). "'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (quoting Cooter & Gell v. Hartmarx

2

Corp., 496 U.S. 384, 405 (1990)).

Motions under Rule 60(b) "must be made within a reasonable time," and motions under subparts (1), (2), and (3) of Rule 60(b) may be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted). A motion for a new trial or to alter or amend a judgment under Rule 59 must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b), (e). Accordingly, if construed as filed under Rules 59 or 60(b)(1)-(3), Flemming's motion was untimely filed in February 2010, more than three years after the district court's December 2006 judgment.

Of the remaining subparts of Rule 60(b) only (6), which allows relief from a final judgment for "any other reason that justifies relief," is potentially applicable here. "In considering whether a Rule 60(b)(6) motion is timely, we must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983); accord Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006). "[A] Rule 60(b)(6) motion requires extraordinary circumstances which typically do not exist where the applicant fails to move for relief promptly." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d at 190 n.8 (internal quotation marks omitted). Flemming has not set forth any explanation that would excuse his three-year delay. Thus, to the extent his motion to vacate relied upon Rule 60(b)(6), his motion was also untimely, and the district court did not abuse its discretion in

3

denying the motion.  See PRC Harris, Inc. v. Boeing Co., 700 F.2d at 897.

At any rate, to warrant relief under Rules 59(e) or 60(b), Flemming would need to "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d at 729.  Flemming makes no effort to show that he meets these requirements, and he does not.

We have considered Flemming's other arguments on appeal and conclude that they are without merit.   This case is closed and no further pleadings will be accepted. Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court