12-3694-cv
*Colucci v. Beth Israel Medical Center, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

CLEUZA COLUCCI,

> *Plaintiff-Appellant*,

THOMAS E. COLUCCI, relator, bringing this action on behalf of the United States of America,

> *Plaintiff*,

> > v.                                                                No. 12-3694-cv

BETH ISRAEL MEDICAL CENTER, MORT HYMAN, TOM HAYES, ROBERT NALDI,

> *Defendants-Appellees,*

ERNST & YOUNG LLC.,

> *Defendant.*[1]

_____

[1] The Clerk of Court is directed to amend the caption of this case to conform to the listing of the parties shown above.

**FOR PLAINTIFF-APPELLANT:** RAYMOND J. AAB (Omar D. Lopera, Law Office of Omar D. Lopera, Jackson Heights, NY, *on the brief*), Koehler & Isaacs LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:** JAMES F. SEGROVES (Roger A. Cohen, Malcolm J. Harkins, III, Edward S. Kornreich *on the brief*), Proskauer Rose LLP, Washington, DC and New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's August 16, 2012 order is **AFFIRMED**.

Plaintiff-Appellant Cleuza Colucci[2] appeals from the District Court's August 16, 2012 memorandum and order, denying her motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

The decision whether to grant a party's Rule 60(b) motion is committed to the "sound discretion" of the district court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). A district court's determination that a Rule 60(b) motion is untimely remains subject to this abuse-of-discretion standard. *See, e.g.*, *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989).

Colucci argues on appeal that her motion should have been granted pursuant to three of Rule 60(b)'s clauses: 60(b)(1), 60(b)(2), and the residual clause, 60(b)(6). We disagree.

---

[2] Cleuza Colucci, Thomas Colucci's widow, was substituted as relator in this action under Federal Rule of Civil Procedure 25(a) following the death of her husband. *See U.S. ex rel. Colucci v. Beth Israel Med. Ctr.*, 603 F. Supp. 2d 677 (S.D.N.Y. 2009). Although we have not ruled on whether a *qui tam* action under the False Claims Act can survive the death of the relator, because we affirm the District Court's ruling on Colucci's motion for Rule 60(b) relief, we need not do so today.

## A.

First, Colucci's motion is time barred. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This one-year limitations period is "absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). Colucci filed her motion on April 2, 2012, the final day permitted under the applicable period; however, the accompanying memorandum of law was not submitted until April 6, 2012, four days after the deadline had expired. Accordingly, the District Court acted within its discretion in holding that Colucci's motion was untimely in light of the Court's Local Civil Rule 7.1(a), which requires all motions to include a "memorandum of law setting forth the cases and other authorities relied upon in support of the motion." Local Rule 7.1(a); *see also* Fed. R. Civ. P. 7(b)(1) (requiring a motion to "state with particularity" the ground on which it is based). Any interpretation of the rules permitting piecemeal filing, as Colucci advances here, would allow parties to circumvent the purpose of Rule 60's time limits by filing incomplete motion papers at the deadline. *Cf. Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006) ("Permitting the [plaintiffs] to supplant their timely yet insufficient 'placeholder' Rule 59(e) motion . . . with their subsequent augmented filing . . . would afford them an easy way to circumvent Rule 60(b)'s prohibition on granting an enlargement of time for filing motions under Rule 59(e).").[3]

In an attempt to circumvent the one-year bar, Colucci recasts her Rule 60(b)(2) motion in the guise of a motion under Rule 60(b)(6), which does not have a filing deadline. Colucci all but concedes this point when she states, in reference to Modzelewski's affidavit, "*[t]his is newly available evidence [that] presents a previously undisclosed fact* so central to the litigation that it shows the initial judgment to have been manifestly unjust, and reconsideration under Rule 60(b)(6) is proper." Appellant's Br. 20 (emphasis supplied) (internal quotation marks omitted). Yet "Rule 60(b)(6) is a broadly drafted 'umbrella provision,' which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2d Cir. 1983). Accordingly, Colucci's Rule 60(b)(6) motion is more properly construed as a Rule 60(b)(2) claim of newly-discovered evidence, and, thus, is also barred under the absolute one-year deadline.

---

[3] Colucci's Rule 60(b)(1) motion is also time barred once the time that would be permitted for an appeal of the judgment being challenged has expired. *See In re 310 Associates*, 346 F.3d 31, 35 (2d Cir. 2003) (endorsing the approach laid out by Judge Friendly in *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964), under which "Rule 60(b)(1) motions not be permitted past the deadline for filing a notice of appeal, thereby preventing Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal"). Although Colucci filed a timely notice of appeal from the District Court's final judgment on April 28, 2011, proceeding *pro se*, this Court dismissed her appeal roughly six months later for failure to comply with an order requiring her to obtain assistance of counsel. Five months after that dismissal, Colucci filed her motion for Rule 60(b)(1) relief, claiming legal error, as an apparent attempt to circumvent the dismissal of her appeal.

3

**B.**

Second, the District Court did not err in denying Colucci's motion on the merits. Rule 60(b)(1) allows for relief from judgment in cases of mistake, including legal errors made by the District Court. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). Even assuming Colucci may challenge the legal basis for the District Court's dismissal of the amended complaint, notwithstanding the subsequent dismissal of her direct appeal, *see* note 3, *ante*, we find no legal error in the District Court's well-reasoned and thorough opinion, *see U.S. ex rel. Colucci v. Beth Isr. Med. Ctr.*, 785 F. Supp. 2d 303 (S.D.N.Y. 2011).

Rule 60(b)(2) provides relief from judgment when the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."[4] Fed. R. Civ. P. 60(b)(2). The purported newly-discovered evidence upon which Colucci relies is an affidavit by Donald Modzelowski, Beth Israel Medical Center's former Vice President for Medicare Reimbursements, in which he describes his own involvement in the alleged scheme to overbill Medicare. Modzelowski details a conversation with Thomas Hayes, former CFO of Beth Israel, during which Hayes instructs Modzelowski to misrepresent to a Medicare representative that teaching was being conducted at two of Beth Israel's non-teaching hospitals. Colucci claims that this evidence could not have been discovered until shortly before expiration of the one-year deadline because Modzelowski was serving a sentence of probation from a state conviction, and in response to any efforts to compel his testimony, Modzelowski would have invoked his Fifth Amendment privilege against self-incrimination.

Yet such evidence could have been discovered with reasonable diligence far in advance of the date of the entry of judgment. In August 2008, Modzelewski was a "professional consultant" on Colucci's case at both the state and federal level, and in June 2009, he participated in settlement negotiations. Colucci's argument that Modzelewski would have asserted his Fifth Amendment privilege if compelled to testify is too speculative; an affiant is only unavailable when he has actually invoked the Fifth Amendment privilege. *Cf.* Fed. R. Evid. 804 advisory committee's note ("Substantial authority supports the position that exercise of a claim of privilege by the declarant satisfies the requirement of unavailability . . . . A ruling by the judge is required, which clearly implies that an actual claim of privilege must be made." (citations omitted)). And, most importantly, even assuming Modzelewski would have sought Fifth Amendment protection during his term of probation, the term ended in November 2010, five months before the District Court's entry of judgment and seventeen months before Colucci filed her motion for relief from judgment.[5] Accordingly, the District Court did not err in denying Colucci's Rule 60(b)(2) motion on the merits.

---

[4] As previously noted, Colucci's Rule 60(b)(6) argument is more properly viewed through the lens of Rule 60(b)(2), and, thus, the merits of that argument are subsumed within the discussion here.

[5] For these reasons, even assuming Colucci's motion was filed within the absolute one-year deadline, the District Court did not err in holding that the motion was not filed "within a reasonable time." The reasonableness

4

**CONCLUSION**

We have considered all of Colucci's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the August 16, 2012 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

assessment requires a court to "scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (citation omitted). The delay here in obtaining Modzelewski's affidavit was not justified.