David WARREN, Petitioner–Appellant,

v.

Henry GARVIN, Supt. Mid–Orange Correctional Facility, Respondent–Appellee,

Robert Hanslmaier, Respondent.

Docket No. 99–2616

United States Court of Appeals, Second Circuit.

Argued May 2, 2000

Decided: July 11, 2000

Malvina Nathanson, New York, NY, for Appellant.

Mary C. Farrington, Assistant District Attorney, New York County, New York City (Robert M. Morgenthau, District Attorney, Morrie I. Kleinbart, Assistant District Attorney, New York County, New York City, of counsel), for Appellee.

Before: MESKILL, PARKER and STRAUB, Circuit Judges.

MESKILL, Circuit Judge:

Petitioner-appellant David Warren was convicted by a jury of murder in the second degree and two robbery counts in the Supreme Court of New York, New York County. His conviction was affirmed by the Appellate Division, and he was denied leave to appeal to the Court of Appeals of New York on September 19, 1990. His conviction became final on December 18, 1990, on the expiration of his time to petition for certiorari in the Supreme Court of the United States. *See Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998).

Warren filed a timely petition for habeas corpus in the district court on April 21,

1997. The petition was dismissed without prejudice on June 4, 1997 at Warren's request, to permit him to pursue collateral state relief on claims that had not been exhausted in the state courts (and were not raised in the petition). On February 22, 1999, one year, eight and a half months later, Warren filed a second petition for habeas relief.[1] He had made no attempt to raise additional claims in state court, and the second petition was essentially identical to the first petition. The United States District Court for the Southern District of New York, Patterson, *J.*, dismissed the petition as untimely. Warren now appeals.

■ We affirm. Because Warren's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had until April 24, 1997, *i.e.*, one year after the effective date of AEDPA, to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Ross*, 150 F.3d at 103. The instant petition, filed February 22, 1999, is therefore untimely. Warren, however, argues that the petition is timely because (1) he is entitled to equitable tolling, (2) the petition "relates back" to the filing of the original petition, and (3) the petition should have been recharacterized as a Rule 60(b) motion for relief from judgment and granted. We briefly address each argument.

■ We have recently stated that the limitations period for filing habeas petitions may be equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)

(per curiam). Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996); *see also Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.2000) (considering whether there were "extraordinary or unusual circumstances that would justify equitable tolling"). In the context of a late-filed habeas petition, equitable tolling may sometimes offer an avenue for avoiding Suspension Clause issues in the "rare case" where strict application of the one year limitations period would create "an *unreasonable* burden." *See Rodriguez v. Artuz*, 990 F.Supp. 275, 282–83 (S.D.N.Y.) (Sotomayor, *J.*), *aff'd on opinion below,* 161 F.3d 763, 764 (2d Cir. 1998) (per curiam).[2]

■ Equitable tolling is available when "extraordinary circumstances" prevent a prisoner from filing a timely habeas petition. *Smith*, 208 F.3d at 17. "In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* In this case, we need not consider whether Warren was prevented from timely filing by extraordinary circumstances. Instead, we hold that he failed to exhibit reasonable diligence during the one year, eight and a half month interval between the dismissal of his first petition and the filing of his second petition. Notably, Warren had six and a half years after his conviction became final before he requested dismissal of his first petition to consider additional claims that he could raise in collateral state proceedings. The addition-

1. Although we refer to Warren's February 22, 1999 petition as his "second petition," we do not mean that it was a "second or successive petition" as used, for example, in 28 U.S.C. § 2244, because his earlier April 21, 1997 petition was dismissed without prejudice. *See Slack v. McDaniel,* —— U.S. ——, —— –——, 120 S.Ct. 1595, 1604–05, 146 L.Ed.2d 542 (2000).

2. Warren did not raise the Suspension Clause issue in his appellate brief. Although he addressed the issue during oral argument in response to a question from the panel, "[i]s-

sues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). In any case, Warren cannot plausibly claim that he was unreasonably burdened here, inasmuch as he had years to file his federal petition, he was afforded a reasonable time after the enactment of AEDPA to file, and he has given no satisfactory explanation as to why he was unable to file his petition on time. *See Rodriguez,* 990 F.Supp. at 283.

al one year, eight and a half months it took Warren to decide not to pursue his additional claims in state court and to file instead a second habeas petition, essentially identical to the first, was inexcusable. Therefore, we cannot view that period of inactivity as anything other than a marked lack of diligence, rendering Warren ineligible for equitable tolling.

Warren next argues that his second petition should be treated as having been filed on the same day as his first petition under the "relation back" doctrine. Under Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

■ However, as two other courts of appeals have held in similar circumstances, the "relation back" doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back. *See Jones v. Morton,* 195 F.3d 153, 160–61 (3d Cir.1999); *Henry v. Lungren,* 164 F.3d 1240, 1241 (9th Cir.1999). The rule is not a mere technicality, but serves to prevent prisoners from circumventing the limitations period imposed by the AEDPA:

> [I]f [the limitations period] were interpreted as Petitioner argues, the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to "continue" his federal remedy, without running afoul of the statute of limitations.

*Graham v. Johnson,* 168 F.3d 762, 780 (5th Cir.1999). Because Warren's initial petition was dismissed, his refiled petition cannot relate back to it and is therefore untimely.

■ Finally, Warren argues that his refiled petition should be treated as a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60(b). Even if Warren's habeas petition were recharacterized as a motion for relief from judgment, the motion would have to be denied.

■ Rule 60(b) provides six grounds for relief from judgment, only two of which are pertinent here: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Warren's failure to file in a timely manner could conceivably qualify as "excusable neglect." However, Rule 60(b) specifically provides that a motion for relief from judgment may be made "for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered." This limitations period is "absolute," 12 James Wm. Moore, *Moore's Federal Practice* § 60.65[2][a], at 60–200 (3d ed.1997), so Warren's petition is untimely if treated as a motion under Rule 60(b)(1).

■ The only remaining question is whether Warren's petition would warrant relief under Rule 60(b)(6). However, Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5). *See Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."). In particular, Rule 60(b)(6) may not be used to circumvent the 1–year limitations period that governs Rule 60(b)(1). *See* 12 *Moore's Federal Practice* § 60.48[2]. Warren contends that he is entitled to relief "because [he] was never informed of the effect of a dismissal on his ability to bring a subsequent petition." However, appellant knew of the 1–year limitations period for habeas

petitions under the AEDPA, and his failure to timely refile (or to pursue his additional state claims) is merely garden variety neglect. Because "excusable neglect" is a ground for relief under Rule 60(b)(1), it cannot be considered under Rule 60(b)(6). Therefore, Warren's petition, even if treated as a motion under Rule 60(b), must be denied.

The district court's judgment is affirmed.