Moises FIGUEROA, Petitioner–Appellant,

v.

George DUNCAN, Respondent–Appellee.

No. 00–2485.

United States Court of Appeals, Second Circuit.

May 1, 2001.

Andrew D. Greene, Lake Success, NY, for appellant.

Nicole Beder, Assistant District Attorney, New York, NY; Robert M. Morgenthau, District Attorney for New York County, Morrie I. Kleinbart, Assistant District Attorney, on the brief, for appellant.

Present JACOBS, PARKER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Petitioner-appellant Moises Figueroa appeals pursuant to a certificate of appealability from the order of the United States District Court for the Southern District of New York (Martin, J.) denying his pro se petition for writ of habeas corpus—brought pursuant to 28 U.S.C. § 2254—on the ground that it was untimely under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

We affirm the denial of Figueroa's pro se petition for substantially the reasons stated in Judge Martin's Order of July 20, 2000. *See Figueroa v. Duncan,* No. 00 Civ. 1856 (S.D.N.Y. July 20, 2000).

Figueroa's petition was originally before Judge Griesa who issued an order to show cause as to why the petition was not barred by AEDPA's statute of limitations. Figueroa explained that he had encouraged his attorney, David J. Goldstein, to file a federal habeas petition on his behalf within the statute of limitations, and submitted copies of two letters from Figueroa to Mr. Goldstein. It is clear from this submission that Figueroa appreciated that he had one year from the denial of state post-conviction relief within which to file a federal habeas petition.

Figueroa's conviction became final prior to April 24, 1996 (the effective date of AEDPA) and he therefore had until April 24, 1997 to timely file his petition. *See Ross v. Artuz,* 150 F.3d 97, 102 (2d Cir. 1998). This period was tolled while Figueroa's application for state post-conviction relief was pending, *i.e.* until the denial of Figueroa's motion to vacate the judgment in state court pursuant to New York Criminal Procedure Law § 440.10, on April 24, 1997. Therefore, at most, Figueroa had until April 24, 1998 to file his federal habeas petition. Figueroa concedes that his petition—filed on October 18, 1999—was untimely.

Figueroa asks that the statute of limitations be equitably tolled—and his petition heard on the merits—because he relied on his attorney to file his federal habeas petition and, when his attorney failed to do so, was forced to file it pro se. "Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'" *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (per curiam) (quoting *Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.1999)). In addition, the petitioner must demonstrate that he acted with reasonable diligence during the period he seeks to have equitably tolled. *See Warren v. Garvin,* 219

F.3d 111, 113–14 (2d Cir.2000); *Smith,* 208 F.3d at 17.

■ We agree with the district court that Figueroa failed to demonstrate that "extraordinary circumstances prevented him from filing his petition on time." *Smith,* 208 F.3d at 17. There is no evidence in the record that Mr. Goldstein ever agreed to file a federal habeas petition on Figueroa's behalf or that Mr. Goldstein obstructed Figueroa from filing the petition pro se at an earlier time. Figueroa was not entitled to an attorney on collateral review, *see Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Bloomer v. United States,* 162 F.3d 187, 192 (2d Cir.1998), and therefore cannot rely on suggestions of ineffective assistance to demonstrate extraordinary circumstances.

For the reasons set forth above, the judgment is hereby AFFIRMED.