Alexander De JESUS, Petitioner,

v.

David MILLER, Superintendent, Respondent.

No. 99 Civ. 11314 (VM).

United States District Court, S.D. New York.

Aug. 13, 2002.

Alexander De Jesus, Napanoch, NY, pro se.

Rona Z. Feinberg, Robert M. Morgenthau, District Attorney, New York County, New York City, for respondent.

### *DECISION AND ORDER*

MARRERO, District Judge.

*Pro se* petitioner Alexander De Jesus ("De Jesus") filed a second Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, on July 12, 2001 (the "Second Habeas Petition") following the Court's dismissal without prejudice of his first Petition for a Writ of Habeas Corpus on April

14, 2000 (the "First Habeas Petition"). Respondent David Miller, Superintendent of the New York State correctional facility where De Jesus is currently incarcerated (the "State"), filed a letter motion dated November 27, 2001 (the "Letter Motion"), seeking to dismiss the Second Habeas Petition as time-barred pursuant to the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). Although recent decisions binding on the courts of this Circuit would render De Jesus's Second Habeas Petition untimely, the Court finds that the unique circumstances present here warrant equitable tolling of the one-year statute of limitations.

## I. *FACTS*

On March 25, 1992, De Jesus was convicted, after a jury trial, in New York State Supreme Court, New York County, for second degree murder and first degree assault. On March 8, 1999, the New York Court of Appeals denied De Jesus's application for leave to appeal his state court conviction. Thereafter, on September 18, 1999, De Jesus filed the First Habeas Petition in federal court, alleging four grounds for relief. Three of these grounds were previously appealed to the highest state court in New York and thus were exhausted for purposes of AEDPA, 28 U.S.C. § 2254, and consequently, were properly before this Court for habeas consideration. However, De Jesus also included an ineffective assistance of counsel claim in the First Habeas Petition, which was not exhausted in state court, and thus, pursuant to the AEDPA, not presentable in federal court at that time.

On March 9, 2000, De Jesus requested that the Court dismiss the First Habeas Petition without prejudice in order to allow him additional time to exhaust the ineffective assistance of counsel claim in state court. On April 14, 2000, the Court granted, by order (the "April 14 Order"), De Jesus's request and dismissed the First Habeas Petition without prejudice, while advising him that he risked violating AEDPA's one-year statute of limitations if he failed to file his Second Habeas Petition within the roughly seven weeks he had remaining of the one-year statute of limitations, not including any time tolled while his state appeal was pending. Subsequently, on April 24, 2000, De Jesus petitioned the Court to modify its April 14 Order to more accurately reflect the amount of time that he had left to file a Second Habeas Petition without violating the one-year statute of limitations. On May 12, 2000, the Court granted De Jesus's request and advised him in an Amended Order that given the recent Second Circuit decision in *Walker v. Artuz*, 208 F.3d 357 (2d Cir.2000), *rev'd sub nom. Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (June 18, 2001), instead of seven weeks remaining on the one-year statute of limitations, he had roughly eight months to file a timely Second Habeas Petition, not including any time tolled during the pendency of his subsequent state appeals.

On June 5, 2000, De Jesus filed a petition for a writ of error coram nobis (the "Coram Nobis Petition") in the New York State Supreme Court, Appellate Division, First Department, seeking to overturn that court's affirmance of his conviction on the ground that he had been afforded ineffective assistance of counsel. The state court's denial of De Jesus's Coram Nobis Petition became final, and thus fully exhausted for federal habeas purposes, on February 22, 2001. Thereafter, De Jesus filed the Second Habeas Petition. The Letter Motion followed.

## II. *DISCUSSION*

■ De Jesus's Second Habeas Petition is governed by the AEDPA. *Williams v.*

*Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). The AEDPA mandates that a petitioner file a petition for a writ of habeas corpus within one year of the date his judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A petitioner's conviction becomes final when his time to seek review in the United States Supreme Court by writ of certiorari expires, which is ninety days after the date on which direct review of the case has been completed by the highest court in the state. *See Jimenez v. Walker*, 166 F.Supp.2d 765, 770 (E.D.N.Y. 2001) (citing *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998)). Thus, for the purposes of the AEDPA, De Jesus's conviction became final on June 6, 1999, which was ninety days after the New York Court of Appeals denied his application for leave to appeal. Accordingly, De Jesus had until June 6, 2000 to file a timely habeas petition in federal court, not including any time tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." 28 U.S.C. § 2244(d)(2).

The Supreme Court recently held that the phrase "State post-conviction or other collateral review" does not include federal habeas corpus petitions, and thus, the one-year limitations period is not tolled during the pendency of a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (June 18, 2001), *rev'g Walker v. Artuz*, 208 F.3d 357 (2d Cir.2000); *see also Jimenez*, 166 F.Supp.2d at 770. Consequently, De Jesus had until February 23, 2001 to file a timely Second Habeas Petition.[1] The Second Habeas Petition was filed on July 12, 2001,

roughly four and one-half months outside of the AEDPA's one-year statute of limitations, and therefore, is considered untimely.

■■■ Nevertheless, under appropriate circumstances, the AEDPA's one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). The AEDPA's "one-year period is a statute of limitations rather than a jurisdictional bar." *Id.* Equitable tolling of the one-year limitations period is available "when extraordinary circumstances prevent a prisoner from filing a timely habeas petition." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000). Moreover, the party seeking equitable tolling, here De Jesus, "must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* (internal quotations and citations omitted). The causal link between the extraordinary circumstances and the lateness of a petitioner's filing cannot be demonstrated "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000) (citations omitted).

The Court finds that extraordinary circumstances present here warrant equitable tolling of the statute of limitations. The extraordinary circumstances that render this case worthy of equitable tolling include: (1) De Jesus's timely filing of the First Habeas Petition; (2) his detrimental reliance on the controlling law at that time as enunciated in *Walker* in deciding to request withdrawal of the First Habeas

---

1. De Jesus's conviction became final on June 6, 1999. The AEDPA's one-year statute of limitations required that he file a habeas corpus petition on or before June 6, 2000, less any time tolled during pendency of state review, to be considered timely. De Jesus filed the Coram Nobis Petition on June 5, 2000.

At that time, De Jesus had exhausted 364 days of the AEDPA's one-year statute of limitations. Thus, upon denial of the Coram Nobis Petition on February 22, 2001, De Jesus had only one day remaining to file a timely habeas corpus petition in federal court.

Petition; (3) this Court's Amended Order clarifying that roughly eight months remained of the one-year statute of limitations under the law prevailing at that time; and (4) the unforeseeable Supreme Court decision in *Duncan*. *See Jimenez*, 166 F.Supp.2d at 772 (trial court's dismissal of petitioner's first habeas corpus petition without prejudice combined with the Supreme Court's decision in *Duncan* deemed "extraordinary circumstances."). De Jesus based his request to withdraw the First Habeas Petition on the law in effect in 2000. *See id.* At that time, both De Jesus and this Court believed that, consistent with the Second Circuit's decision in *Walker*, the AEDPA's one-year statute of limitations was tolled during the six months the First Habeas Petition was before this Court, leaving De Jesus with eight months to timely file a Second Habeas Petition. The Court advised so De Jesus in the Amended Order.

De Jesus continued to believe that he had ample time to file his Second Habeas Petition until, at the earliest, June 18, 2001, when the Supreme Court decided *Duncan*. When *Duncan* was decided, De Jesus's Second Habeas Petition became time-barred as the effect of the Supreme Court's decision was to extinguish the six months that De Jesus, and this Court, earlier believed was tolled during the pendency of the First Habeas Petition. The Court finds that such an unlikely series of events falls within the ambit of "extraordinary circumstances."

Also, the Court finds that De Jesus acted "with reasonable diligence throughout the period he seeks to toll." *Warren*, 219 F.3d at 113. De Jesus, acting *pro se*, has continually met all other material deadlines promptly. De Jesus filed the First Habeas Petition roughly three months after his conviction became final. Additionally, after the Court dismissed the First Habeas Petition without prejudice, De Je-

sus sought and obtained a clarification from this Court as to the applicability of the tolling of the statute of limitations. De Jesus subsequently filed the Coram Nobis Petition less than a month after the Amended Order. Although he did not file the Second Habeas Petition until roughly five months after the dismissal of the Coram Nobis Petition, during most of that time De Jesus believed that consistent with *Walker*, the six-month pendency of the First Habeas Petition tolled the one-year statute of limitations, leaving him ample time to file a timely Second Habeas Petition. In making this pronouncement, however, the Court is mindful that the concept of "ample time" to an incarcerated, *pro se* petitioner must also account for the unique constraints under which such litigants must labor—including limited access to books and other materials, delays in sending and receiving correspondence and institutional schedules—all of which work to diminish the actual time and opportunities the inmates may have to devote to perfecting their petitions. Furthermore, De Jesus filed the Second Habeas Petition less than one month after the Supreme Court decided *Duncan*.

The Court finds that De Jesus's actions here evidence his reasonable diligence in attempting to timely file the Second Habeas Petition. Accordingly, given the unique circumstances surrounding the filing of the Second Habeas Petition, the Court equitably tolls the AEDPA's one-year statute of limitations and will reach the merits of the Second Habeas Petition when it is fully briefed.

### III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the State's Letter Motion to dismiss the Second Habeas Petition as time-barred is DENIED, and it is further

**ORDERED** that the State respond to the merits of De Jesus's Second Habeas Petition no later than August 26, 2002 and that De Jesus submit a reply, if any, no later than September 9, 2002.

**SO ORDERED.**