**Thurman Jerome BROWN, Plaintiff–Appellant,**

v.

**Richard WOLSTEIN, Attorney at Law, Denis Dillon, Hon., Nassau County District Attorney, Margaret O'Shea–Shell, Chief Court Reporter, Ellen Smith–Combs, Court Reporter, Eliot Spitzer, Nys Attorney General, Nassau County Police, Baldwin and Rockville Centre Heralds, Joan McKeown, Senior Probation Officer, A Time Mirror Newspaper, Long Island Newsday, William H. Rhenquist, U.S. Supreme Court Chief Justice, John Paul Stevens, U.S. Supreme Court Justice, Sandra Day O'Connor, U.S. Supreme Court Justice, Antonin Scalia, U.S. Supreme Court Justice, Anthony M. Kennedy, U.S. Supreme Court Justice, David H. Souter, U.S. Supreme Court Justice, Clarence Thomas, U.S. Supreme Court Justice, Ruth Bader Ginsburg, U.S. Supreme Court Justice, Stephen G. Breyer, U.S. Supreme Court Justice, & Mark Diamond, Defendants–Appellees.**

No. 02–302.

United States Court of Appeals, Second Circuit.

Aug. 14, 2003.

Thurman Jermone Brown, Greenhaven Correctional Facility, Stormville, NY, pro se.

William J. Fishlinger, Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Garden City, N.Y. for Defendant–Appellee Richard Wolstein.

David Henry Sculnick, Gordon & Silber, P.C., New York, N.Y. for Defendant–Appellee Margaret O'Shea–Schell.

Saul B. Shapiro, Patterson, Belknap, Webb & Tyler LLP, New York, N.Y. (Stephanie S. Abrutyn, Tribune Co., New York, NY, of counsel), for Defendant–Appellee Newsday, Inc.

David B. Goldin, Deputy Nassau County Attorney, Mineola, New York (Lorna Bade Goodman, Nassau County Attorney, on the brief) for Defendants–Appellees Denis Dillon, Nassau County Police Department and Joan McKeown.

Katherine M. Bolger, Hogan & Hartson L.L.P., New York, N.Y. (Slade R. Metcalf, Hogan & Hartson L.L.P., New York, NY, of counsel), for Defendant–Appellee Richner Communications, Inc.

Carol Fischer, Assistant Solicitor General, New York, NY, (Eliot Spitzer, Attorney General of the State of New York, on the brief) for Defendant–Appellee Eliot Spitzer.

Deborah B. Zwany, Assistant U.S. Attorney for the Eastern District of New York, NY, (Varuni Nelson, Assistant U.S. Attorney, Rosalynn R. Mauskopf, U.S. Attorney, on the brief) for Defendants–Appellees the Chief Justice and Associate Justices of the United State Supreme Court.

Anne P. Richter, McManus, Collura & Richter, P.C., New York, NY, for Defendant–Appellee Mark Diamond.

PRESENT: JACOBS, SOTOMAYOR, Circuit Judges.[*]

### SUMMARY ORDER

Thurman Jerome Brown appeals from a judgment entered in the United States District Court for the Eastern District of New York (Mishler, *J.*) granting defendants' motions dismiss for failure to state a claim. We affirm for substantially the reasons stated by the district court. *See Brown v. United States,* No. 00–CV–7182 (JM) (E.D.N.Y. May 1, 2002).

While the district court may have erred in dismissing Brown's malicious prosecution claims against defendants-appellees Denis Dillon (the District Attorney for Nassau County), the Nassau County Police Department and Joan McKeown on the grounds of collateral estoppel, we are free to affirm the district court on any ground supported by the record. *See AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir.2003). Brown has not alleged an unconstitutional policy or custom on the part of the police department. *See Monell v. New York City Dep't Social Servs.,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). And defendant McKeown was a senior probation officer who could neither commence nor continue a criminal proceeding against Brown. *See Posr v. Doherty,* 944 F.2d 91, 100 (2d Cir.1991). Thus the section 1983 claims against them were properly dismissed. Further, defendant-appellee Dil-

[*] The Honorable Fred I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

lon enjoys absolute immunity from such charges arising from alleged conduct within the scope of his prosecutorial responsibilities. *See Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir.1990).