SCHOLASTIC INC., J.K. Rowling, Time Warner Entertainment Company, L.P., Plaintiffs–Counter–Claimant–Defendants–Appellees,

v.

Nancy STOUFFER, Defendant–Counter–Claimant–Cross–Claimant–Appellant,

* The Honorable Leonard B. Sand, United States District Judge for the Southern District

ABC Corporations, Cross–Defendant.

No. 05–6976–cv.

United States Court of Appeals, Second Circuit.

Feb. 8, 2007.

Nancy Stouffer, pro se, Mechanicsburg, PA.

Dale Cendali, O'Melveny & Myers LLP, New York, NY, for Appellee Time Warner Entertainment Company, L.P.

Edward H. Rosenthal (Jessie F. Beeber on the brief), Frankfurt Kurnit Klein & Selz, P.C., New York, NY, for Appellees Scholastic Inc. and J.K. Rowling.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Defendant-appellant Nancy Stouffer appeals from the October 3, 2005, order of the United States District Court for the Southern District of New York (Rakoff, *J.*) denying Stouffer's motion for relief under Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We find no abuse of discretion in the District Court's conclusion that Stouffer's

of New York, sitting by designation.

**16**

Rule 60(b) motion was untimely. Although styled as a Rule 60(b)(6) motion, Stouffer in fact seeks to set aside the judgment on the basis of alleged new evidence that purportedly demonstrates fraud on the part of plaintiffs and plaintiffs' counsel in the prior proceedings. Thus, Stouffer's motion is appropriately brought under the provisions of Rule 60(b)(1)–(3), all of which require the motion be filed within one year of the entry of judgment. *See Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir.2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5)."). Stouffer, however, did not file her Rule 60(b) motion until nearly three years after judgment was entered by the District Court. We reject Stouffer's argument that her motion was timely because it was filed within one of year of this Court's denial of Stouffer's motion for rehearing in banc. The filing of an appeal does not toll the one-year time period within which a Rule 60 motion alleging fraud or newly discovered evidence must be filed. *See King v. First Am. Investigations, Inc.,* 287 F.3d 91, 94 (2d Cir.2002). Furthermore, even if Stouffer's motion could properly be characterized as a Rule 60(b)(6) motion, Stouffer has made no showing of "extraordinary circumstances or extreme hardship that warrant relief from judgment." *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 897 (2d Cir. 1983) ("[B]ecause of the potentially broad scope of [Rule 60(b)(6) ], relief should only be granted where the moving party has demonstrated 'extraordinary circumstances' or 'extreme hardship.' ").

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**