**Thurman Jerome BROWN,
Plaintiff–Appellant,**

v.

**Ellen Smith COMBS, CSR,
Defendant–Appellee,**

Denis Dillon, District Attorney, Nassau County, Sheriff Joseph P. Jablonsky, Nassau County Corr. Ctr., Kristen Bryceland, Reporter, The Baldwin and Rockville Ctr. Heralds, Margaret O'Shea, Court Reporter, Nassau County Court, Defendants.

No. 06–3845–pr.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2007.

Thurman Jerome Brown, Rome, NY, pro se.

Carol Fisher, Assistant Solicitor General (Robert H. Easton, Deputy Solicitor General, Division of Appeals and Opinions, of counsel, Eliot Spitzer, Attorney General of the State of New York, on the brief) Office of the Attorney General of the State of New York, New York, NY, for Defendant–Appellee.

PRESENT: Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges, and Hon. CHARLES L. BRIEANT, JR.,* District Judge.

### SUMMARY ORDER

Appellant Thurman Jerome Brown, *pro se*, appeals the order of the United States District Court for the Eastern District of New York entered on August 7, 2006 (No. 97–3424), denying Brown's motion for re-

---

* The Honorable Charles L. Brieant, Jr., Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

consideration pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), and (6), and for recusal. We presume the parties' familiarity with the facts, procedural history, and the issues on appeal.

We review district court orders granting or denying motions for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b), or for recusal, for an excess of allowable discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998) (60(b) motion); *United States v. Morrison,* 153 F.3d 34, 38 (2d Cir.1998) (motion for recusal).

The District Court did not exceed its allowable discretion in denying Brown's Rule 60(b) motion as untimely and for failing to present a meritorious basis for relief. A motion under Rule 60(b)(1), (2), or (3) "shall be made within a reasonable time, and ... not more than one year after the judgment ... was entered." Fed. R.Civ.P. 60(b). The one-year limitation period for Rule 60(b) motions is "absolute." *Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir.2000) (internal quotation marks and citation omitted); *see also Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180 (2d Cir.2006) ("This Circuit will not examine the merits of a judgment if the motion to set it aside was untimely."). Brown's motion to vacate the judgment on the basis of newly discovered evidence and "fraud upon the court" was untimely as it was filed more than 18 months after the District Court entered judgment on December 16, 2004. Moreover, his claim that the "nature, scope, and ramification" of his alleged newly discovered evidence constituted extraordinary circumstances under Rule 60(b)(6) may not be used to circumvent the one-year time limit. *Warren,* 219 F.3d at 114. "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)–(5)." *Id.* As Brown's claims fall squarely under the provisions of Rule 60(b)(1)–(3), we find no error in the District Court's decision.

The District Court also did not exceed its allowable discretion in denying Brown's recusal motion. The basis for the claim—that Judge Ross was named as a defendant along with numerous federal judges for improperly dismissing his civil rights suits and for her "pro defendant bias"—was dismissed and the appeal dismissed as frivolous. *See Brown v. Jacobs,* No. 05–0501 (S.D.N.Y. Jan. 14, 2005), *dismissed,* No. 05–2269 (2d Cir. Aug. 17, 2005). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Brown made no allegation that the District Court's rulings came from extrajudicial sources, and the rulings do not raise even a suspicion of a "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* at 556, 114 S.Ct. 1147. *Accord Kensington Int'l Ltd. v. Rep. of Congo,* 461 F.3d 238, 245 (2d Cir.2006).

Finally, Brown cannot reassert the challenges regarding his prior appeals because we have already considered and rejected the challenges in those appeals. *See Brown v. United States,* No. 00–7182, 2002 WL 32394848 (E.D.N.Y. May 1, 2002), *aff'd sub nom., Brown v. Wolstein,* 71 Fed. Appx. 96 (2d Cir.2003); *Brown v. Goord,* No. 03–0702 (E.D.N.Y. Feb. 5, 2004) (order denying petition for a writ of habeas corpus and certificate of appealability), (E.D.N.Y. Aug. 2, 2006) (order denying motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b)), *dismissed respectively at,* Nos. 04–2427 (2d Cir. Aug. 24, 2006) and 06–3952 (2d Cir. Dec. 8, 2006); and *Brown v. Dillon,* 97–3424 (E.D.N.Y. Feb. 10, 2005), *dismissed,* No. 05–0686 (2d Cir. June 22, 2006).

Therefore, the order of the District Court is AFFIRMED.