08-2996-pr
Brown v. Legal Aid Soc'y

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
                    **Chief Judge**,
          GUIDO CALABRESI,
                    **Senior Circuit Judge**,
          CHRISTOPHER F. DRONEY,*
                    **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
Thurman J. Brown,
          **Plaintiff-Appellant**,

          **-v.-**                                  08-2996-pr

Legal Aid Society,
          **Defendant-Appellee**.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Thurman J. Brown, pro se, Rome, NY.

---

* Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

1

**FOR APPELLEE:**                    William D. Buckley, Garbarini & Scher, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

New York State prisoner Thurman J. Brown appeals <u>pro se</u> from the district court's <u>sua sponte</u> dismissal of his complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's 28 U.S.C. § 1915A dismissal of a complaint <u>de novo</u>. <u>See</u> <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004). Section 1983 creates a cause of action only against persons acting under color of state law. <u>See, e.g.</u>, <u>Rodriguez v. Phillips</u>, 66 F.3d 470, 473 (2d Cir. 1995). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>accord</u> <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997). To the extent Brown attempts to avoid <u>Dodson</u>'s limitation by alleging that the public defenders in his case conspired with a state court judge to pursue his illegal prosecution, <u>see</u> <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984), this conspiracy allegation is wholly conclusory and, as such, insufficient even at the pleading stage to establish that the public defenders were acting under color of state law. Accordingly, the district court properly dismissed Brown's complaint.

We have considered each of Brown's remaining arguments and find them to be without merit. We remind Brown that he has been warned by this Court that the continued filing of duplicative and meritless appeals will result in the imposition of a leave to file sanction, under which Brown will be required to obtain permission from this Court prior to filing any further submissions in this Court. <u>See</u> <u>In re Martin-Trigona</u>, 9 F.3d 226, 229 (2d Cir. 1993); <u>Sassower v. Sansverie</u>, 885 F.2d 9, 10-11 (2d Cir. 1989). For the

2

foregoing reasons, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK