09-3628-pr
Brown v. Ionescu

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand ten.

PRESENT:  REENA RAGGI,
            GERARD E. LYNCH,
            J. CLIFFORD WALLACE,[*]
               *Circuit Judges.*

------------------------------------------------------

KEVIN BROWN,
          *Plaintiff-Appellant*,
      v.

GHEORGE IONESCU,
          *Defendant-Appellee*.

No. 09-3628-pr

------------------------------------------------------

FOR APPELLANT:      Kevin Brown, *pro se*, Brooklyn, New York.

FOR APPELLEE:       John C. Couzens, Jr., Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, New York.

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Kevin Nathaniel Fox, *Magistrate Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court entered on August 5, 2009, is AFFIRMED.

Pro se plaintiff Kevin Brown appeals from the denial of his motion for relief from a jury verdict in favor of defendant on Brown's claims under 42 U.S.C. § 1983 and state battery law arising from a medical procedure allegedly performed without Brown's consent. See Fed. R. Civ. P. 60. We review the denial of a Rule 60 motion for abuse of discretion. See Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009). In applying this standard, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court denied Brown's motion as untimely filed after construing it to seek relief from judgment on the ground of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1). While Rule 60 generally requires that a motion for relief be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), motions under Rule 60(b)(1) are among those subject to a more specific time limit of one year from the entry of judgment. This time limit is "'absolute.'" Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (quoting 12 James Wm. Moore, Moore's Federal Practice § 60.65[2][a], at 60-200 (3d ed. 1997)). Brown filed his motion more than fourteen months after the entry of judgment, well past the one-year deadline. Accordingly, we detect no error, let alone abuse of discretion, in the district court's

2

denial of the motion as untimely filed.

Nor would remand be warranted were we to construe Brown's motion to rely on Rule 60(b)(6), a catchall provision allowing relief from judgment for "any other reason." While Rule 60(b)(6) does not impose a one-year time limit, Brown failed to demonstrate the "extraordinary circumstances" required to justify relief under that provision. Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (internal quotation marks omitted).[1] Indeed, the essence of Brown's argument is simply that the jury reached the wrong result. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); Matarese v. LeFevre, 801 F.2d 98, 106-07 (2d Cir. 1986) (holding that, while relief is appropriate in "extraordinary circumstances" or "where the judgment may work an extreme and undue hardship," Rule 60(b)(6) "may not be used as a substitute for appeal").

In sum, we conclude that the district court acted within its discretion in denying Brown's motion for reconsideration.

---

[1] We decline to reach Brown's argument, made for the first time in his reply brief, that he never received notice of the judgment against him. See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009) (observing that this court ordinarily does not consider issues raised for first time in reply brief); Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider argument raised for first time in pro se litigant's reply brief).

3

We have considered Brown's other arguments on appeal and conclude that they are without merit. Accordingly, the order of the district court denying Brown's Rule 60 motion is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court