09-4577-cv
Gadsden v. Bernstein Litowitz Berger & Grossmann LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:

> Dennis Jacobs,
> Chief Judge,
> Amalya L. Kearse,
> Pierre N. Leval,
> *Circuit Judges*.

_____

Norma Evans Gadsden,

> *Plaintiff-Appellant*,

> v.                                                09-4577-cv

Bernstein Litowitz Berger & Grossmann LLP,
J. Erik Sandstedt, Esq., John Kehoe,
Rochelle Feder Hansen, Esq.,

> *Defendants-Appellees*.

_____

FOR APPELLANT:          Norma Evans-Gadsden, *pro se*, Mount Vernon, NY.

FOR APPELLEES:          John P. Keil, Rebecca G. Fischer, Collazo Florentino & Keil LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Robinson, <u>J.</u>).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court be AFFIRMED.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Appellant Norma Evans-Gadsden, pro se, appeals the district court's post-judgment order denying her motion for reconsideration of a June 2007 order of the district court. That June 2007 order granted the defendants' motion for summary judgment and denied Evans-Gadsden's cross-motion for summary judgment.  Evans-Gadsden has also filed a motion with this Court, asking us to compel defendants to answer an interrogatory.

This Court reviews rulings on Rule 60(b) motions for abuse of discretion.  <u>See</u> <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 729 (2d Cir. 1998).  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Id.</u>

Here, the district court correctly determined that Evans-Gadsden's motion for reconsideration, alleging that her adversary had "perpetrated fraud and forgery during the discovery phase of [the] litigation," was untimely.  The motion was brought more than two years after the judgment. <u>See</u> Fed. R. Civ. P. 60(c); <u>Warren v. Garvin</u>, 219 F.3d 111, 114 (2d Cir. 2000) (holding the one-year limitations period under Rule 60(c) is "absolute"); <u>see also</u> <u>King v. First Am. Investigations, Inc.</u>, 287 F.3d 91, 94 (2d Cir. 2002) (holding that appeal does not toll the one-year limitations period for filing a Rule 60(b) motion).

We have considered all of Evans-Gadsden's arguments on appeal and find them to be without merit.

Accordingly, the order of the district court is **AFFIRMED** and the motion is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk