21-1408-cv
Brown v. The People of the State of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-two.

PRESENT:    PIERRE N. LEVAL,
            RAYMOND J. LOHIER, JR.,
            EUNICE C. LEE,
                *Circuit Judges*.

------------------------------------------------------------------

THURMAN JEROME BROWN,

     *Plaintiff-Appellant*,

    v.                                                    No. 21-1408-cv

THE PEOPLE OF THE STATE OF NEW YORK, THE COUNTY OF NASSAU, THE NASSAU COUNTY UNIFIED COURT SYSTEM, THE NASSAU COUNTY POLICE DEPARTMENT, THE NASSAU COUNTY SHERIFF'S DEPARTMENT,

     *Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     Thurman Jerome Brown, pro se, New York, NY

FOR DEFENDANTS-APPELLEES
New York State and New York State
Unified Court System:     Anisha S. Dasgupta, Deputy Solicitor General, *for* Letitia James, Attorney General, State of New York, New York, NY

FOR DEFENDANTS-APPELLEES
The County of Nassau, the Nassau County
Police Department, and the Nassau County
Sheriff's Department:     Robert F. Van der Waag, Deputy County Attorney, *for* John B. Chiara, Acting Nassau County Attorney, Mineola, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Gary R. Brown, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Thurman Jerome Brown, proceeding pro se, appeals from a May 24, 2021 order of the District Court dismissing his suit under 42 U.S.C. § 1983 against New York State, the County of Nassau, the "Nassau County Unified Court System" (which we construe to be the New York State Unified Court System), the

2

Nassau County Police Department, and the Nassau County Sheriff's Department (together, "Defendants") in connection with his 1997 criminal conviction in New York for various theft offenses. On March 18, 2021, Defendants filed a letter asking the District Court to schedule a pre-motion conference, set a briefing schedule for a motion to dismiss, or issue an order dismissing the action in its entirety. The District Court construed the letter as a motion to dismiss and granted it. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076–77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Where,

as here, we review pleadings and briefs submitted by pro se litigants, we "liberally construe" such submissions "to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quotation marks omitted).

In dismissing Brown's suit, the District Court determined, among other things, that his claims were time-barred. We agree. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014). That is the case here. In his complaint, Brown alleges that Defendants violated his civil and constitutional rights under 42 U.S.C. § 1983. In New York, such claims are subject to a statute of limitations of three years. See Okure v. Owens, 816 F.2d 45, 47 (2d Cir. 1987).[1]

---

[1] Among other claims, Brown alleges that he was falsely imprisoned, but it is not clear whether he intends to bring this cause of action under § 1983, see, e.g., Shain v. Ellison, 273 F.3d 56, 67 (2d Cir. 2001), or under state tort law. For the purposes of this order, and construing Brown's complaint liberally, we assume he intended to allege false imprisonment under § 1983, which provides a three-year statute of limitations period rather than the one-year period under state tort law. See Okure, 816 F.2d at 48.

4

Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (quotation marks omitted).

Brown's allegations concern the criminal investigation and trial that resulted in his 1997 conviction and a prison sentence that ended in 2009. He filed his complaint in this case more than a decade after his release from prison. Even assuming that Brown could anchor some claim to his receipt of his criminal history report in August 2010 — the most recent event we are able to discern from the complaint and its attachments — that date fell significantly more than three years before Brown commenced this suit.[2] Courts may toll a statute of limitations for § 1983 claims brought in New York where a plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action," Zumpano v. Quinn, 6 N.Y.3d 666, 674 (2006) (quotation marks omitted), but that plainly did not happen here. To the contrary, Brown was able to bring

---

[2] On appeal, Brown also alleges that he was wrongfully subjected to three years' parole following his incarceration, which would have ended in approximately 2012 — still significantly more than three years prior to the filing of his complaint.

several federal lawsuits with similar claims more than a decade before initiating this action. See Brown v. Rehnquist, No. 00 Civ. 7182, 2002 WL 32394848 (E.D.N.Y. May 1, 2002), aff'd sub nom. Brown v. Wolstein, 71 F. App'x 96 (2d Cir. 2003); Brown v. Legal Aid Soc'y of Nassau Cnty., No. 08 Civ. 198, 2008 WL 11411651 (E.D.N.Y. June 3, 2008), aff'd, 367 F. App'x 215 (2d Cir. 2010).

We therefore conclude that the District Court did not err when it dismissed Brown's claims as untimely. In addition, to the extent that Brown asked the District Court to have his 1997 state conviction vacated, the Rooker-Feldman doctrine barred that claim. That doctrine, which prevents district courts from "review[ing] the judgments of state courts," Teichmann v. New York, 769 F.3d 821, 826 (2d Cir. 2014), applies where the federal-court plaintiff (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the federal court to review and reject that judgment, and (4) brings the federal action after the state court renders its judgment, Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). Since all four requirements

6

were clearly satisfied here, <u>Rooker-Feldman</u> barred Brown's claim seeking to invalidate his 1997 state conviction.

On appeal, Brown also maintains that the District Court abused its discretion when it construed Defendants' pre-motion letter as a motion to dismiss. We conclude that the District Court acted within its discretion in doing so, especially since Defendants clearly laid out their grounds for dismissal. Brown further suggests that the District Court unlawfully withheld a report and recommendation from the Magistrate Judge, but that argument finds no support in the record, which shows that the District Court dismissed the case before any report was filed.

We have considered Brown's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7